UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVA ANN J., an Individual,<br><br>    Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No.: 2:20-00204 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

**I. INTRODUCTION**

  Plaintiff Marva Ann J.[1] ("Plaintiff") challenges Defendant Andrew M. Saul, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period of disability and disability insurance benefits ("DIB"). Plaintiff contends that the Administrative Law Judge ("ALJ") erred in evaluating the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

-1-

case under one discreet period, and improperly assessed the opinion of her treating doctor, as well as her subjective complaints. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.

## II. PROCEEDINGS BELOW

### A. Procedural History

Plaintiff protectively filed an application for DIB on June 14, 2016, alleging a disability onset date of March 18, 2016. (Administrative Record "AR" 132-37). Plaintiff's claims were denied initially on December 8, 2016. (AR 56-67). Thereafter, on January 12, 2017, Plaintiff filed a request for an administrative hearing. (AR 79-80). A hearing was held before ALJ MaryAnn Lunderman on October 10, 2018. (AR 31-55). Plaintiff, represented by counsel, appeared and testified at the hearing. Also appearing and testifying at the hearing was vocational expert Pedro M. Roman. (Id.).

On November 30, 2018, the ALJ found that Plaintiff was "not disabled" within the meaning of the Social Security Act.[2] (AR 13-26). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on November 13, 2019. (AR 1-7). Plaintiff then filed this action in District Court on January 8, 2020, challenging the ALJ's decision. [Docket "Dkt." No. 1].

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

On June 23, 2020, Defendant filed an Answer, as well as a copy of the Certified Administrative Record. [Dkt. Nos. 14, 15]. The parties filed a Joint Stipulation on October 27, 2020. [Dkt. No. 19]. The case is ready for decision.[3]

### B. Summary of ALJ Decision After Hearing

In the decision (AR 13-26), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4] 20 C.F.R. § 404.1520(a). At **step one**, the ALJ found that Plaintiff had not been engaged in substantial gainful activity during the period from the alleged onset date of March 18, 2016 through the date last insured of September 30, 2018. (AR 18). At **step two**, the ALJ found that Plaintiff had the following severe impairments: (a) osteoarthritis of the bilateral knees, status post total knee replacements; (b) degenerative disc disease of the lumbar spine; and (c) osteoarthritis of the right ankle. (AR 19). At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (AR 19).

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. [Dkt. Nos. 11, 12].

[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC")[5] to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b)[6,] with the following restrictions:

> [T]he postural activities of crawling or kneeling must have been entirely precluded from work duties as assigned. Additionally, within the assigned work area there must have been less than occasional (seldom to rare) exposure to hazards, such as machinery and heights. Finally, the assigned work must not have required performance of any assigned work duties at or around unprotected heights nor could the assigned work tasks have required walking on uneven terrain as part of the assigned work duties.

(AR 20).

At **step four**, the ALJ found that Plaintiff was capable of performing her past relevant work as a billing clerk. "This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (AR 25). As such, this concluded the ALJ's analysis and step five was not undertaken. Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from March 18, 2016, the alleged onset date, through September 30, 2018, the date last insured. (AR 26).

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §416.945(a)(1).

[6] "Light work" is defined as
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 416.967(b); see also Rendon G. v. Berryhill, 2019 WL 2006688, at *3 n.6 (C.D. Cal. May 7, 2019).

## III. ANALYSIS

### A. Issue on Appeal

Plaintiff raises three issues for review: (1) whether the ALJ erred in evaluating the case under one discreet period; (2) whether the ALJ provided specific and legitimate reasons to reject the opinion of the treating doctor; and (3) whether the ALJ provided clear and convincing reasons to reject the subjective limitations of Plaintiff. [Dkt. No. 19 (Joint Stipulation), 4].

### B. Standard of Review

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g). The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence. Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)). A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's

conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

### C. The ALJ Properly Evaluated The Case Under One Discreet Period

Plaintiff contends the ALJ erred in evaluating her case under one discreet period. As Defendant notes, however, Plaintiff's argument is meritless. Plaintiff appears to argue that the ALJ erred by focusing on a single treatment note in January 2018 where Plaintiff expressed pain relief and increased mobility as there was a 12-month period prior to this time, "[f]rom the onset date of March 18, 2016, up until around December 2017 through March 2018," during which Plaintiff "was unable to work due to multiple knee surgeries including double knee replacement, additional revision right knee surgery and dozens of physical therapy appointments." [Dkt. No. 19 (Joint Stipulation),

5]. According to Plaintiff, because she attended numerous physical therapy sessions that she says would have precluded her from performing full-time work, during a discreet 12-month period, the ALJ should have found her disabled for this period. Id. (citing Reynoso v. Astrue, No. CV 10-04604-JEM, 2011 WL 2554210 at *3 (C.D. Cal. June 27, 2011) for the statement: "The ALJ is required to consider a closed period of disability if evidence in the record supports a finding that a person is disabled for a period of not less than twelve months.") In support of her argument, Plaintiff points to testimony from the vocational expert that an employer would only tolerate 7 absences per year, and she would have missed 5 times more than this amount during the relevant period due to her physical therapy appointments.

Plaintiff, however, points to no law to support the proposition that a medical appointment, indeed a physical therapy appointment that could be scheduled before or after work, amounts to an absence such that would establish disability. There simply is no argument that an individual can establish disability by contending that he or she would have had to miss too many days of work due to medical appointments. Rather, an individual is considered to be disabled if she is unable "to engage in any substantial gainful activity by reason of *any medically determinable physical or mental impairment* which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 20 C.F.R. § 404.1505(a). The necessity to attend medical appointments is not a medically determinable physical or mental impairment. Furthermore, the ALJ did not simply focus on one medical note from January 2018 of Plaintiff's improvement. As set forth below, the ALJ did a reasoned and thorough

analysis of Plaintiff's impairments and found they did not meet the criterion for a disability finding. (AR 16-26).

**D.      The ALJ Properly Evaluated the Medical Evidence**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons to reject the opinions of her treating physician, Alexandra Stavrakis, M.D. Defendant argues that the ALJ properly considered and weighed all relevant medical evidence of record.

1.      Standard for Weighing Medical Opinions

The ALJ must consider all medical opinion evidence. 20 C.F. R. § 404.1527(b). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)). Where the treating doctor's opinion is not contradicted by another doctor, it may only be rejected for "clear and convincing" reasons. Id. (citing Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017) (quoting Bayliss, 427 F.3d at 1216).

"Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins, 466 F.3d at 882). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751

(9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

As noted above, an RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1). Only the ALJ is responsible for assessing a claimant's RFC. See 20 C.F.R. § 404.1546(c). "It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (citing 20 C.F.R. § 404.1545).

### 2. All Medical Evidence of Record Was Properly Considered

Plaintiff contends that the ALJ failed to provide specific and legitimate to reject the opinions of her treating physician, Dr. Stavrakis. Plaintiff points to a pain questionnaire Dr. Stavrakis completed on October 26, 2018 regarding her ability to work on a regular and continuing basis. (AR 1370-73). The ALJ noted that, in this assessment, Dr. Stavrakis:

> concluded the pain suffered by the claimant was severe and resulted in extreme impairment of her ability to function. He also concluded the pain constantly interfered with the claimant's ability to maintain attention and concentration to sufficiently complete tasks in a timely manner. Finally, the doctor concluded the claimant's impairment or treatment would cause her to be absent from work more than two days per month.

(AR 24; citing AR 1373).

The ALJ accorded Dr. Stavrakis' opinion some weight:

> . . . the doctor is an acceptable medical source who had a treating relationship with the claimant. However, her assessment of the

> claimant's residual functional capacity *is not consistent with contemporaneous records, including* a September 2018 physical therapy note, which documented the claimant' report that she had no pain in her bilateral ankles and knees and low back pain that was no more than four to five in severity on a scale of 10 [AR 1348].

(AR 24) (emphasis added).

Plaintiff contends the ALJ improperly cherry-picked the physical therapy note in rejecting Dr. Stavrakis' opinion. This is simply incorrect. The ALJ merely pointed to the September 2018 physical therapy note as an *example* of how the medical opinion was consistent with contemporaneous records. The ALJ did a thorough and lengthy discussion of Plaintiff's medical records (AR 21-22) in providing explanation for her RFC assessment of Plaintiff as capable of performing light work with the specified exceptions. Moreover, the ALJ did not "reject" Dr. Stavrakis' opinion as Plaintiff contends. Rather, the ALJ did accord the opinion "some weight" in the RFC assessment.

The Court therefore finds the ALJ properly assessed the medical evidence of record. Plaintiff would simply prefer the ALJ to have a different interpretation of the medical evidence than that assessed. However, it is the role of the ALJ to resolve any conflicts or ambiguities in the medical record. See Tommasetti, 533 F.3d at 1041-42 ("The ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."): Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that it is the ALJ's job to resolve any conflicts). See Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (citation omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). Indeed, an ALJ is not obligated to discuss "every piece of evidence" when

interpreting the evidence and developing the record. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation omitted). Similarly, an ALJ is also not obligated to discuss every word of a doctor's opinion or include limitations not actually assessed by the doctor. See Fox v. Berryhill, 2017 WL 3197215, *5 (C.D. Cal. July 27, 2017); Howard, 341 F.3d at 1012. The Court finds no error by the ALJ in considering the medical record in assessing Plaintiff's RFC.

### E. The ALJ Properly Evaluated Plaintiff's Testimony

Plaintiff asserts that the ALJ did not properly evaluate her testimony regarding her symptoms and limitations. Defendant, on the other hand, contends the ALJ properly evaluated Plaintiff's subjective statements, finding them inconsistent with the record.

#### 1. Legal Standard for Evaluating Claimant's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)). Defendants does not contest, and thus appears to concede, that Plaintiff carried her burden of producing objective medical evidence of her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms.

Once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 489 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Laborin v. Berryhill, 867 F.3d 1151, 1155 (9th Cir. 2017).

The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

2. <u>The ALJ provided Clear and Convincing Reasons Supported by Substantial Evidence</u>

Having carefully reviewed the record, the Court finds that the ALJ provided specific, clear and convincing reasons for discounting Plaintiff's subjective complaints.[7] The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the medical evidence of record, Plaintiff's own statements of improvement in the medical records, effective treatment, and daily activities. (AR 20-22). The ALJ noted that the assessed RFC took into account Plaintiff's complaints of limitation. Plaintiff, however, contends that the ALJ failed to take Plaintiff's complaints into consideration when assessing the RFC.

A review of the decision reflects that the ALJ did not "dismiss" Plaintiff's testimony and medical records concerning her pain, symptoms, and level of limitation. Rather, the ALJ stated that she had considered Plaintiff's testimony in limiting her work at the light exertional level, with certain exceptions. (AR 20). Accordingly, the ALJ reduced Plaintiff's RFC of light work to postural activities of crawling and kneeling entirely precluded, occasional (seldom to rare) exposure to hazards, such as machinery and heights, and no work at or around unprotected heights nor of walking on uneven terrain. (AR 20).

The ALJ performed a thorough review of Plaintiff's medical record and found that it did not fully support Plaintiff's allegations of disabling conditions. (AR 20-22). The ALJ properly considered how consistent Plaintiff's subjective symptom statements were with this objective medical evidence. 20 C.F.R. § 404.1529(c)(2). This could not

---

[7] The ALJ did not make a finding of malingering in her opinion. (AR 15-22).

be the ALJ's sole reason for rejecting Plaintiff's statements about her symptoms, but it was a factor that the ALJ was permitted to consider. Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (while a claimant's subjective statements about symptomology "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor"). Thus, the lack of consistency between Plaintiff's medical records and her testimony was a proper basis for the ALJ's discounting Plaintiff's testimony.

Plaintiff contends that the ALJ improperly pointed to her level of daily activity as a basis for dismissing her testimony. This is not correct. The ALJ cited to Plaintiff's statements in the record of her daily activities to show the inconsistency with her testimony at the Administrative hearing. See Thomas, 278 F.3d at 958-59 (holding that an ALJ may consider inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct when weighing the claimant's credibility).

An ALJ is permitted to consider daily living activities in his credibility analysis. See 20 C.F.R. § 404.1529(c)(3) (daily activities are a relevant factor which will be considered in evaluating symptoms); see also Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors"). Daily activities may be considered to show that Plaintiff exaggerated her symptoms. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ properly recognized that daily activities "did not suggest [claimant] could return to his old job" but "did suggest that [claimant's] later claims

about the severity of his limitations were exaggerated."). Although Plaintiff takes issue with this, it was proper for the ALJ to have considered daily living activities in her credibility analysis. See Burch, 400 F.3d at 681.

Finally, the ALJ also noted that the medical records showed effective treatment with pain management medications. As noted by Defendant, effective treatment is a valid basis for giving less weight to a claimant's reports of disabling symptoms. See Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively are not disabling). Plaintiff does not dispute that the ALJ relied upon this reason in discounting her symptom testimony.

## IV. CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED, and the action is DISMISSED with prejudice. Judgment shall be entered accordingly.

DATE: May 12, 2021

          /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge